IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE AND BENEFIT OF SEEDORFF MASONRY, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARCHER WESTERN CONSTRUCTION, LLC, and TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, <br><br> Defendants. | 8:18CV21 <br><br> **MEMORANDUM AND ORDER** |

This matter is before the Court on plaintiff Seedorff Masonry, Inc.'s ("Seedorff")[1] Motion to Exclude (Filing No. 54) the testimony of defendants Archer Western Construction, LLC ("Archer") and Travelers Casualty and Surety Company of America's ("Travelers" and collectively, "defendants") expert Randy A. Rapin ("Rapin"). For the reasons stated below, that motion is denied.

## I. BACKGROUND[2]

On September 3, 2014, Archer entered into a general contract with the United States Department of Veteran Affairs ("VA") to construct the VA's new national cemetery in Omaha, Nebraska (the "project"). Archer subcontracted with Seedorff to complete the project's masonry work. To do that, Seedorff obtained, supplied, and installed limestone for the project.

---

[1]This action arises under the Miller Act, 40 U.S.C. § 3131 *et seq.*, which requires Seedorff bring this action "in the name of the United States," *id.* § 3133(b)(3)(A).

[2]This Court's Memorandum and Order dated August 20, 2019, denying Seedorff's request for partial summary judgment gives a more detailed rendition of this case's facts.

All did not go well. Beginning in 2016 and continuing through 2017, Archer notified Seedorff the limestone Seedorff supplied did not comply with the project's specifications. The VA rejected the limestone. Although Seedorff maintained the limestone met the project's requirements, Archer withheld some payments to Seedorff.

After exhaustive discussion between Seedorff, Archer, and the VA, the VA relented and issued a formal letter accepting the limestone "as is" on December 7, 2017. Seedorff sued (Filing No. 1) the defendants on January 22, 2018, alleging Archer owes Seedorff $1,368,474 for its work on the project.[3]

Archer filed a counterclaim (Filing No. 15), seeking at least $760,000 in damages for costs allegedly caused by Seedorff's delays and travel expenses Archer incurred negotiating with the VA about the limestone on Seedorff's behalf. To support their position, the defendants retained Rapin as an expert to determine whether Seedorff delayed the project. Rapin issued a report (Filing No. 55-1), which describes Rapin as a senior consultant at J.S. Held, LLC, a construction-services and consulting company. Rapin claims "specialized education and experience in the areas of construction cost and cost analysis, project scheduling, schedule analysis, project controls and project management." In his report, Rapin opined, among other things, Seedorff delayed the project and required Archer to expend additional resources.

On March 18, 2019, the defendants served Seedorff their expert designation of Rapin with his report. The Amended Final Progression Order (Filing No. 46) set the deadline to file motions to exclude expert testimony as July 17, 2019, but the Court extended (Filing No. 50) that deadline to August 23, 2019. With a bench trial scheduled for October 15, 2019, Seedorff now moves to exclude Rapin's testimony arguing Rapin's

---

[3]In certain federal construction contracts, the Miller Act requires general contractors to obtain a bond to protect the payment of subcontractors. *See* 40 U.S.C. § 3131(b). Here, Archer procured a bond from Travelers, and Seedorff alleges Travelers is responsible for the bond payment.

report does not meet the requirements of either Federal Rule of Evidence 702 or Federal Rule of Civil Procedure 26(a)(2)(B).

## II. DISCUSSION

### A. Rule 702

Rule 702 "is one of admissibility rather than exclusion." *Lauzon v. Senco Prods., Inc.*, 270 F.3d 681, 686 (8th Cir. 2001) (quoting *Arcoren v. United States*, 929 F.2d 1235, 1239 (8th Cir. 1991)). A qualified expert's opinion is admissible under Rule 702 if (1) it is "based on sufficient facts or data," (2) it is "the product of reliable principles and methods," and (3) the expert "reliably applied the principles and methods." The expert's "scientific, technical, or specialized knowledge" must also assist the factfinder in understanding the evidence or determining a fact issue. *Id.* Here, Seedorff challenges both the facts and methodology underlying Rapin's opinion.

In considering the underlying facts for Rapin's opinion, the Court notes "[g]enerally, 'the factual basis . . . goes to the credibility of the testimony, not the admissibility, and it is up to the opposing party to examine the factual basis for the opinion in cross-examination.'" *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1014 (8th Cir. 2012) (quoting *Nebraska Plastics, Inc. v. Holland Colors Am. Inc.*, 408 F.3d 410, 416 (8th Cir. 2005)). The Court must exclude an expert opinion only if it is "so fundamentally unsupported" it cannot assist the factfinder. *Id.* (quoting *Nebraska Plastics*, 408 F.3d at 416).

Seedorff contends Rapin considered the wrong "contract completion date" and "actual completion date" for Seedorff's work on the project, and Rapin could not "make a reliable conclusion" with those mistakes. Further, Seedorff asserts the project schedules on which Rapin relied combined work performed by Seedorff with work performed by other subcontractors into "single activity ID codes," making it "impossible for [Rapin] or any other expert to link any construction delays to Seedorff."

3

The defendants respond Seedorff is mistaken. They argue Seedorff has "conflate[d] the [project's] as-planned completion date—that is, the date [Archer] was to complete the entire Project . . .—with **Seedorff's** as-planned completion date—the date that Seedorff was to complete its Subcontract work." And the defendants contend Seedorff's assertion about the project schedules lack support.

The Court finds the parties' disagreements over the underlying facts in this case do not warrant wholly excluding Rapin's testimony. *See Synergetics, Inc. v. Hurst*, 477 F.3d 949, 956 (8th Cir. 2007). Instead, Seedorff can address any deficiencies in the basis for Rapin's opinion at the bench trial through cross-examination. *See David E. Watson*, 668 F.3d at 1014.

Turning to Rapin's methodology, the Court performs a gatekeeping function and preliminarily decides whether an expert's methodology is reliable. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 594-97 (1993). "The main purpose of *Daubert* exclusion is to protect juries from being swayed by dubious scientific testimony." *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011). However, in bench trials where the judge is the factfinder, "[t]here is 'less need' for this 'gatekeeping function.'" *United States v. McDaniel*, 925 F.3d 381, 385 (8th Cir. 2019) (quoting *In re Zurn Pex Plumbing Prods. Liab. Litig.*, 644 F.3d 604, 613 (8th Cir. 2011)).

In this case, Seedorff claims Rapin failed to identity the methodology he used to form his opinion.[4] The defendants argue Rapin sufficiently showed his methodology both in his report, for example, by identifying the project schedules he relied on at each stage, and during Seedorff's deposition of Rapin.

---

[4]Seedorff also again challenges Rapin's factual assumptions, which Seedorff can similarly test through cross-examination.

4

Even if Rapin's report is a little thin, the Court does not find it necessary to close the gate on Rapin at this point. Given that this case is scheduled for a bench trial, the Court is confident it can hear the evidence and make its own reliability determination at trial.

### B. Rule 26(a)(2)(B)

Finally, Seedorff argues the Court should exclude Rapin's testimony under Federal Rule of Civil Procedure 37(c)(1) because his report does not comply with Rule 26(a)(2)(B).

Rule 26(a)(2) requires a party to disclose their expert's identity and provide a written report. Among other things, the report must disclose (1) "all opinions the [expert] will express and the basis and reasons for them," (2) "the facts or data" the expert considered, and (3) "any exhibits that will be used to summarize or support" the expert's opinions. Fed. R. Civ. P. 26(a)(2)(B)(i)-(iii). If a party fails to make those disclosures, the Court may, under certain circumstances, bar the party from using that information or witness. *See* Fed. R. Civ. P. 37(c). But "the exclusion of evidence is a harsh penalty and should be used sparingly." *Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008) (quoting *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995)). When deciding whether to exclude evidence or a witness, the Court considers "the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony." *Id.*

Seedorff says Rapin's report fails to meet Rule 26(a)(2)(B)'s disclosure requirements because it does not reveal "the analysis upon which it depends." As the defendants point out, however, this is the first time Seedorff has objected to the content of Rapin's report. Despite having access to Rapin's report since March 18, 2019, Seedorff waited until the eve of trial to make this complaint.[5]

---

[5] The Court recognizes the motion is timely under the extended deadline (Filing No. 50) for motions to exclude testimony on *Daubert* and related grounds. But the

Even if the Court looks past Seedorff's unexplained delay, the Court finds exclusion is not justified here. Importantly, Seedorff has not alleged it has or will suffer any prejudice or surprise due to the brevity of Rapin's report. *See Jackson v. Allstate Ins. Co.*, 785 F.3d 1193, 1204 (8th Cir. 2015) (considering surprise and prejudice on a motion to exclude expert testimony); *Doe v. Young*, 664 F.3d 727, 734 (8th Cir. 2011) (finding Rule 37's enforcement mechanism helps avoid unfair surprise). Seedorff had, and took, the opportunity to depose Rapin without any complaints that its deposition was less effective because of any alleged deficiencies in his report. Seedorff, therefore, has failed to convince the Court the "harsh penalty" of excluding Rapin's opinion is warranted under these circumstances. *Wegener*, 527 F.3d at 692.

Because Seedorff has not shown Rapin's testimony must be excluded for failure to meet the requirements of either Rule 702 or Rule 26, its Motion to Exclude (Filing No. 54) is denied.

IT IS SO ORDERED.

Dated this 23rd day of September 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

existence of that extended deadline does not change the fact that Seedorff was aware of the alleged shortcomings in Rapin's report for six months.